Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
Rina M. Mathevosian, CSB #251423
***Nelson & Fulton***
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA. 90010-2014
(213)365-2703 / Fax (213)365-9130
**nelson-fulton@covad.net**

Attorneys for Defendant Deputies,
Simon, Owen, McPolin, Uribe and White

RECEIVED

FEB 1 0 2009

CHAMBERS OF
OSWALD PARADA

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 1 2009

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEON MORGAN, | Case No. CV 05-5741-RSWL (OP) |
| Plaintiff, | **PROTECTIVE ORDER GOVERNING COURT ORDERED DISCLOSURE OF CONFIDENTIAL RECORDS AND INFORMATION** |
| vs. | |
| LT. SMITH, et al., | |
| Defendants. | Disclosure Date: February 6, 2009 |

**STIPULATION**

Plaintiff and Defendants (each a "party" and, collectively, the "Parties"), jointly and severally, through their respective counsel of record, hereby stipulate to entry of the proposed Protective Order set forth below.

**PROTECTIVE ORDER**

1.  The following Protective Order shall govern the disclosure of documents and/or information, including Compliance Sheets, produced in accordance with the Court's order of January 30, 2009 (hereinafter "Discovery Material").

2.   An attorney shall have the right to designate as "CONFIDENTIAL" any Discovery Material an attorney produces or provides that an attorney, on behalf of the Party, believes in good faith constitutes, reflects or discloses confidential and/or privileged information such that disclosure to any Party not designated in Paragraph 8 would significantly harm the Party producing the Discovery Materials (the "Producing Party"). Discovery Materials designated as "CONFIDENTIAL" shall be referred to herein as "Confidential Discovery Material."

3.   Confidential Discovery Material shall be designated by marking or stamping such material "CONFIDENTIAL," at the time the material is disclosed, or as soon thereafter as the Party seeking the protection becomes aware of the nature of the material disclosed and sought to be protected, subject to other provisions of this Protective Order.

4.   A designating Party who inadvertently fails to mark Confidential Discovery Material as "CONFIDENTIAL" at the time of production shall have ten (10) days from discovery of the oversight to correct its failure.  Such corrections and notices shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL."

5.   Any deposition testimony may be classified as Confidential Discovery Material by indicating on the record at the deposition, or within ten (10) days after receipt of the transcript of such deposition, that the examination or testimony discloses Confidential Discovery Material under the terms of this Protective Order.  The original deposition transcript, exhibits,

-2-

1   and all copies of exhibits to the deposition that contain material

2   so designated, shall be marked with the appropriate designation on

3   the cover and, if and when filed with the Court, the confidential

4   portions of such transcripts shall be filed pursuant to Paragraph

5   6-7 of this Protective Order.   The classification as Confidential

6   Discovery Material of any depositions or exhibits shall be made

7   within ten (10) days of the completion of the deposition, in

8   writing, to the reporter, with copies to all other counsel.

9         6.   Under no circumstances shall the information contained

10  in the documents, including Compliance Sheets, be used in any

11  proceeding other than the instant case, nor shall such information

12  be retained, compiled, stored, used as a date base, or

13  disseminated, in any form, except by Court order.

14        7.   Whenever a Party intends to offer Confidential Discovery

15  Material into evidence or otherwise communicate such material to

16  the Court, the Party intending to offer into evidence or otherwise

17  communicate such Confidential Discovery Material shall notify the

18  designating Person in advance and shall take all steps reasonably

19  available to preserve the confidentiality of such Confidential

20  Discovery Material, which may include offering such material

21  outside the presence of persons other than Court personnel, trial

22  counsel, and the jury.

23        8.   Any counsel, expert or consultant retained in the instant

24  case or investigator retained by counsel for any party to this

25  case, shall not refer to said documents, including Compliance

26  Sheets in any other court proceeding except upon further order of

27  the court.

9.   Before any Confidential Discovery Material are filed with the Court for any purpose, the Party seeking to file such material shall seek permission of the Court to file said material under seal.   The Parties will follow and abide by applicable law with respect to filing documents under seal in the Court.

10.   Disclosure of the Confidential Discovery Material by this Order or information obtained therefrom shall be limited to the person and/or classification of persons listed below:

(a)   Counsel for any party to this action;

(b)   Staff and personnel employed by counsel for any party;

(c)   The Court and its personnel, in connection with this litigation;

(d)   An expert or consultant retained to work on this case by counsel for any party to this case;

(e)   An investigator retained by counsel for any party to this case;

(f)   Third-party vendors retained to assist counsel in the copying, imaging, and/or coding of documents but for that purpose only;

(g)   Any witness who is identified in the original or a copy of any Confidential Discovery Material;

(h)   Any witness directly involved with the production of the Confidential Discovery Material;

(i)   Any witness selected by a Person as a "Person Most Knowledgeable," pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, may be shown that Person's Confidential Discovery Material.

-4-

11.   Plaintiff's counsel shall not provide the plaintiff, either orally or in writing, with the home addresses and telephone numbers on the Confidential Discovery Material, but may discuss the information obtained from any investigation conducted with complainants or witnesses.

12.   Counsel for all parties to this action shall advise those individuals to whom disclosure is made of the contents of this Protective Order.

13.   Provisions of this Order insofar as they restrict disclosure and the use of Confidential Discovery Material shall be in effect until further order of the Court.

14.   Nothing in this Protective Order is intended to prevent the officials or employees of the Los Angeles County Sheriff's Department or other authorized individuals from having access to documents if they would have had access in the normal course of their job duties.

15.   This order is being entered into without prejudice to the right of any Party to move the Court for modification of, or relief from, any of its terms.

16.   Nothing in this Protective Order shall bar counsel with access to Confidential Discovery Material or persons with access to Confidential Discovery Material pursuant to Paragraph 8, above, from rendering advice to his, her, or their client with respect to this litigation and, in the course thereof, relying upon any Confidential Discovery Material in a manner not specifically authorized under this Protective Order.

1        17.   The parties to this litigation and their

2    counsel agree that they will be bound by this Stipulation

3    and Protective Order as soon as their counsel sign this

4    document, notwithstanding the fact that the Order may not be

5    entered immediately.

6

7    DATED:  February  6 , 2009      DIANA M. TORRES
                                     LOUISE C. CHEN
8                                    AARON J. SPIWAK
                                     O'MELVENY & MYERS LLP
9

10                               By: _____
11                                   Aaron J. Spiwak
                                     Attorneys for Plaintiff
12

13

14

15

16   DATED:  February  6 , 2009      NELSON & FULTON

17

18                               By: R. Mathvos _____
                                     Henry Patrick Nelson
19                                   Rina M. Mathevosian
                                     Attorneys for Defendants
20

21

22

23

24

25

26

27

28

1

**ORDER**

2        IT IS SO ORDERED.

3

4        DATED:  2/11/09        _____

                                OSWALD PARADA
5                               United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27